IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
Case No. 1:25-cv-09863

DECKERS OUTDOOR CORPORATION,

Plaintiff,

v.

A1VPG68YJ5DJCK, et al.,

Defendants.
_____/

**DEFENDANT FITORY-SHOES' MOTION TO DISMISS COMPLAINT**

Defendant FITORY-SHOES (Defendant No. 12), by and through its undersigned counsel, moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. In support thereof, Defendant states as follows:

**INTRODUCTION**

Plaintiff's Complaint alleges trademark infringement under 15 U.S.C. § 1114, trade dress infringement and false designation of origin under 15 U.S.C. § 1125(a), and related state claims against numerous unrelated Amazon sellers, including FITORY-SHOES, for purportedly selling counterfeit or infringing footwear resembling Plaintiff's UGG TAZZ products. As to FITORY-SHOES, the allegations center on a single product listing for "FITORY Women Platform Slippers, Suede Ankle Boots with Fleece-lined" (Compl. Ex. 1-1 at 39), which Plaintiff claims

infringes its unregistered trade dress and registered trademarks, including U.S. Trademark Reg. No. 7,544,905 for "TAZZ" (registered Oct. 22, 2024).

Even accepting all well-pleaded facts as true, the Complaint fails to state a plausible claim against FITORY-SHOES. The alleged trade dress—consisting of functional elements like suede material, fleece lining, and platform soles—is not protectable. Moreover, Defendant's product features distinct decorative elements (e.g., a braided band near the opening) and different suede texture, negating any likelihood of confusion. Defendant does not use the "TAZZ" mark or any other registered mark of Plaintiff. Finally, the claims are improperly joined under FRCP 20, as FITORY-SHOES has no connection to the other defendants. Dismissal is warranted.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court accepts factual allegations as true but disregards legal conclusions or threadbare recitals. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Exhibits attached to the complaint, like screenshots of Defendant's product (Ex. 1-1 at 39), may be considered. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013).

## ARGUMENT

**I. The Trade Dress Claim Fails Because the Alleged Trade Dress Is Primarily Functional and Lacks Distinctiveness.**

Unregistered trade dress is protectable under § 1125(a) only if it is (1) non-functional, (2) distinctive (inherently or via secondary meaning), and (3) likely to cause confusion. *Two Pesos,*

*Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 769 (1992). Plaintiff must plead these elements plausibly. *Bodum USA, Inc. v. La Cafetiere, Inc.*, 621 F.3d 624, 627 (7th Cir. 2010).

First, the alleged trade dress—suede upper, fleece lining, platform sole, and ankle boot style (Compl. ¶¶ 10-12)—is primarily functional and thus unprotectable. Functionality bars protection for features essential to the product's use or purpose, or that affect cost/quality. *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 32-33 (2001). Here, suede provides durability and weather resistance, fleece offers warmth and comfort, the platform sole enhances traction and height, and the ankle design ensures fit— all utilitarian features for winter footwear. *See Jay Franco & Sons, Inc. v. Franek*, 615 F.3d 855, 860-61 (7th Cir. 2010) (round towel shape functional for beach use). Plaintiff's conclusory assertion of non-functionality (Compl. ¶ 13) is insufficient without facts showing alternative designs would not impair utility. *Eco Mfg. LLC v. Honeywell Int'l, Inc.*, 357 F.3d 649, 653 (7th Cir. 2003). "*TrafFix* rejected an equation of functionality with necessity; it is enough that the design be useful." *Id.*, at 655. "The Justices told us that a feature is functional if it is essential to the design *or* it affects the article's price or quality." *Id.*, citing 532 U.S. at 33, 121 S.Ct. 1255.

Second, even if non-functional, Plaintiff fails to plead secondary meaning, i.e., that consumers associate the dress with Plaintiff's source. *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 213-14 (2000) (product design trade dress requires secondary meaning). Bare allegations of "extensive sales and advertising" (Compl. ¶ 14) are formulaic and lack specifics like market share or consumer surveys. *See Flexible Steel Lacing Co. v. Conveyor Accessories, Inc.*, 955 F.3d 632, 644 (7th Cir. 2020) (dismissing for failure to plead secondary meaning with particularity).

## II. There Is No Likelihood of Confusion.

All claims require a likelihood of confusion. *SportFuel, Inc. v. PepsiCo, Inc.*, 932 F.3d 589, 598 (7th Cir. 2019). The Complaint's screenshots (Ex. 1-1 at 39) show Defendant's product is labeled "FITORY," not "UGG" or "TAZZ," and features a distinct braided decorative band near the opening (unlike Plaintiff's plain or buttoned designs) and coarser suede texture. These differences, plus the absence of Plaintiff's marks, negate confusion under the 7th Circuit's multi-factor test (e.g., similarity of marks/products, strength of mark). *See AutoZone, Inc. v. Strick*, 543 F.3d 923, 929 (7th Cir. 2008). No consumer would mistake Defendant's $26.99 generic slippers for Plaintiff's premium UGG products. *See* Figure 1 below for comparison.

**Figure 1: Comparison**

| Def.'s Product | Plf's Alleged Trade Dress |
|---|---|

## III. No Infringement of the Trade Dress

As seen above in Figure 1, the suede, the embroidery around the opening of the shoes, colors, etc. are different. Slippers are slippers. Only minor room is allowed for decoration as mainly all features are functional. With such small room, an ordinary observer will see difference of all decorative features.

**IV. No Infringement of the "TAZZ" Mark (Reg. No. 7,544,905).**

Defendant does not use "TAZZ" or any similar mark (Ex. 1-1 at 39). Without use of the mark, there is no infringement. 15 U.S.C. § 1114(1). The registration post-dates the alleged infringement but is irrelevant absent use. *See* Figure 2: Defendant's Product Page below, screenshot from Ex. 1 to Complaint, ECF No. 1-1, p. 39.



*Figure 2: Defendant's Product Page*

**IV. The Claims Against FITORY-SHOES Are Improperly Joined.**

Under FRCP 20(a)(2), defendants may be joined only if claims arise from the same transaction/occurrence and share common questions. Here, FITORY-SHOES—an independent Amazon seller—has no affiliation with other defendants, who sell varied products via different

listings. Joinder in "Schedule A" cases like this is often abusive and warrants severance or dismissal.

"In assessing whether the requirements of Rule 20(a)(2) are met, courts must accept the factual allegations in a plaintiff's complaint as true.'" *Estée Lauder*, 334 F.R.D. at 185 (quoting *Desai v. ADT Sec. Servs., Inc.*, No. 11 C 1925, 2011 WL 2837435, at *3 (N.D. Ill. July 18, 2011)). "However, courts need not accept conclusory or speculative statements that are not factual assertions." *Ilustrata Servicos Design, Ltda. v. The P'ships & Unincorporated Ass'ns Identified On Schedule "A"*, No. 21-CV-05993, at *2-3 (N.D. Ill. Nov. 18, 2021), citing *NFL Properties*, 2021 WL 4963600, at *1; *H-D U.S.A.*, 2021 WL 780486, at *1; *see also Estée Lauder*, 334 F.R.D. at 185.

Here, Plaintiff vaguely pleaded that all defendants, including Defendant similarly infringed its trade dress and thus violated Uniform Deceptive Trade Practices Act of Illinois. See Compl., p. 7-9.¶¶ 23-29. As Plaintiff also admitted, they all competitors to Plaintiff, which indicates defendants are competitors to one another too. Id., p. 8, ¶ 23. Such conclusory allegations are insufficient to be taken as true.

More importantly, such allegations of common features for the purposes of joinder under Rule 20 was refused generally in Northern District Court of Illinois, for example, *NFL Properties*, 2021 WL 4963600, at *2; *H-D U.S.A.*, 2021 WL 780486, at *2-3; *see also Bose*, 2019 WL 6210939, at *2 *Ilustrata Servicos Design, Ltda. v. The P'ships & Unincorporated Ass'ns Identified On Schedule "A"*, No. 21-CV-05993, at *5 (N.D. Ill. Nov. 18, 2021).

Thus, Defendant shall be severed from the instant case for misjoinder.

**CONCLUSION**

For the foregoing reasons, the Complaint should be dismissed with prejudice as to FITORY-SHOES.

Dated: October 14, 2025

                              Respectfully submitted,

                              /s/ Jianyin Liu
                              Jianyin Liu, Esq.
                              FL Bar No. 1007675
                              The Law Offices of James Liu PLLC
                              30 N LaSalle St, Ste 1510
                              Chicago, IL 60602
                              Ph: 305-209-6188
                              Email: jamesliulaw@gmail.com
                              Attorney for Defendant FITORY-SHOES

**CERTIFICATE OF SERVICE**

I certify that on October 14, 2025, a copy of the foregoing was served on Plaintiff's counsel via CM/ECF.

                              /s/ Jianyin Liu
                              Jianyin Liu, Esq.