IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>A1VPG68YJ5DJCK, et al.,<br><br>    Defendants. | Case No. 25-cv-09863<br><br>**Judge Andrea R. Wood**<br><br>**Magistrate Judge Maria Valdez** |

**PLAINTIFF'S MOTION TO STRIKE**
**<u>DEFENDANTS' ANSWER TO THE COMPLAINT</u>**

Plaintiff Deckers Outdoor Corporation ("Plaintiff" or "Deckers") moves this Honorable Court, pursuant to Fed. R. Civ. P. 12(f), to strike Defendants SMAJONGS's and SEEROL's ("Defendants") Answer to Plaintiff's Complaint [33] (the "Answer"). In support of this Motion, Plaintiff states as follows:

Defendants' Answer does not respond to the allegations in the Complaint. Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or a redundant, immaterial, impertinent or scandalous matter." *Delta Consulting Grp., Inc. v. R. Randle Constr. Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009) (citing Fed. R. Civ. P. 12(f)). "In order for the court to grant the motion, the movant must show that the allegations being challenged are so unrelated to plaintiff's claim as to be void of merit and unworthy of any consideration and that the allegations are unduly prejudicial." *Cumis Ins. Soc'y v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997). "Prejudice results where the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party." *Id*.

None of the numbered objections in Defendants' Answer correspond with an allegation in Plaintiffs Complaint. *See* N.D. Ill. LR 10.1 ("Responsive pleadings shall be made in numbered paragraphs each corresponding to and stating a concise summary of the paragraph to which it is directed."). For example, Paragraph 6 of the Complaint alleges as follows:

> 6. UGG Products have become enormously popular and even iconic, driven by Deckers' arduous quality standards and innovative design. Among the purchasing public, genuine UGG Products are instantly recognizable as such. In the United States and around the world, the UGG brand has come to symbolize high quality, and UGG Products are among the most recognizable premium footwear products in the world.

Paragraph 6 of Defendants' Answer contains the following summary of Plaintiff's allegations and an associated objection:

> 6. Plaintiff alleges that Deckers is the owner of the UGG trademarks and trade dress in the United States; Deckers owns numerous federal trademark registrations for its UGG marks, including but not limited to U.S. Trademark Registration No. 3,056,965 for "UGG" for a variety of goods in International Class 25, U.S. Trademark Registration No. 3,089,073 for "UGG" for a variety of goods in International Classes 18 and 25, U.S. Trademark Registration No. 4,667,969 for "UGG" for a variety of goods in International Class 35, and U.S. Trademark Registration No. 4,667,968 for "UGG" for a variety of goods in International Class 35 (collectively, the "UGG Marks"):
>
> The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 regarding Plaintiff's ownership and registrations and therefore deny them. The Answering Defendants deny any implication of infringement.

As demonstrated above, Paragraph 6 of the Complaint does not allege what Defendant is claiming to object. In fact, the trademarks listed by Defendants in Paragraph 6 of their Answer are not owned or asserted by Plaintiff and are not registrations for the "UGG" mark as Defendants claim.[1]

Another example is Paragraph 10 of the Complaint where Plaintiff alleges as follows:

---

[1] U.S. Trademark Registration No. 3,056,965 is for "KEEPING YOU AHEAD OF THE FUTURE"; U.S. Trademark Registration No. 3,089,073 is for a logo that states "X+CELL FASTENERS A STANDARD OF 'EX-CELL-ENCE" IN QUALITY HARDWARE'"; U.S. Trademark Registration No. 4,667,969 is for "TULA VISTA."

> 10. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). If Defendants provide additional credible information regarding their identities, Deckers will take appropriate steps to amend the Complaint.

Paragraph 10 of Defendants' Answer contains the following summary of Plaintiff's allegations and an associated objection:

> 10. Plaintiff alleges that Defendants, without authorization from Plaintiff, have knowingly and willfully used the UGG Marks and Trade Dress in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit UGG Products into the United States and Illinois over the internet; each infringing product offered, advertised, and/or sold by Defendants has been advertised and offered for sale on at least one e-commerce store under a Seller Alias; a representative image of each Counterfeit UGG Product offered, advertised, and/or sold by each Defendant is attached hereto as Exhibit 2:
>
> The Answering Defendants deny the allegations in Paragraph 10 as they pertain to them, including any unauthorized use, infringement, or sale of "Counterfeit UGG Products." The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Exhibit 2 and therefore deny them. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding other defendants and therefore deny them.

In addition to not addressing the allegations of Paragraph 10 of the Complaint, Defendants refer to a non-existent "Exhibit 2" and defined terms, such as "Counterfeit UGG Products," that were not used in the Complaint.

The rest of the objections in Defendants' Answer are equally irrelevant, immaterial, or do not respond to the allegations in Plaintiff's Complaint. Defendants' Answer also provides objections for the following alleged claims: Count I for trademark counterfeiting and infringement (pursuant to 15 U.S.C. § 1114), Count II for false designation of origin, Count III for violation of the Illinois Uniform Deceptive Trade Practices Act, and Count IV for common law unfair competition. [33] at ¶¶ 14-32. These are not the claims asserted in Plaintiff's Complaint. The claims asserted in Plaintiff's Complaint are as follows: Count I for trade dress infringement (pursuant to 15 U.S.C. § 1125(a)) and Count II for violation for the Illinois Uniform Deceptive

Trade Practices Act. [1] at ¶¶ 16-32. Given that Defendants are objecting to claims that are not involved in this case, it is unclear whether Defendants' affirmative defenses are actually directed at the underlying causes of action in the Complaint.

Defendants Answer does not adequately apprise Plaintiff or the Court of their objections and defenses to the underlying claims. It appears Defendants copied and pasted the contents of the Answer from an unrelated pleading. Thus, Defendants' objections and affirmative defenses in its Answer are so "unrelated to plaintiff's claim as to be void of merit and unworthy of any consideration." *Cumis Ins. Soc'y*, 983 F. Supp. at 798. Accordingly, Defendants' Answer [33] should be stricken.

Dated this 26th day of November 2025.

Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Thomas J. Juettner
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
tjjuettner@gbc.law

*Counsel for Plaintiff Deckers Outdoor Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of November 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail to the e-mail addresses identified in **Exhibit A** hereto that includes a link to said website.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Thomas J. Juettner
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
tjjuettner@gbc.law

*Counsel for Plaintiff Deckers Outdoor Corporation*