**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>A1VPG68YJ5DJCK, et al.,<br><br>    Defendants. | Case No. 25-cv-09863<br><br>**Judge Andrea R. Wood**<br><br>**Magistrate Judge Maria Valdez** |

## RULE 26(f) REPORT

Pursuant to Fed. R. Civ. P. 26(f), Plaintiff Deckers Outdoor Corporation ("Plaintiff") and Defendants FITORY-SHOES, SEEROL, SMAJONGS, and BULV ("Defendants") (collectively, "Parties") have conferred regarding the scheduling of this case and other relevant matters. Accordingly, the Parties submit the following report.[1]

1. **Nature of the Case**

    A. **Attorneys of Record**

    Plaintiff is represented by Justin R. Gaudio (lead trial counsel), Amy C. Ziegler, Justin T. Joseph, and Thomas J. Juettner from Greer, Burns & Crain, Ltd. in Chicago, Illinois.

    Defendants FITORY-SHOES, SEEROL and SMAJONGS are represented by Jianyin Liu (lead trial counsel) from the Law Offices of James Liu PLLC in Palmetto Bay, Florida.

    Defendant BULV is represented by Benjamin Solter (lead trial counsel) from Cross-Border Counselor LLP in Huntington Beach, California.

    B. **Parties that Have Not Been Served**

    All parties have been served. *See* [18].

---

[1] This report was formatted in view of the Court's "Joint Initial Status Report" template.

### C. Basis for Federal Jurisdiction

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

### D. Nature of the Claims Asserted and Any Counterclaims

Plaintiff alleges claims for federal trade dress infringement (15 U.S.C. § 1125(a)) and violation of the Illinois Uniform Deceptive Trade Practices Act ("UDTPA") (815 ILCS § 510, *et seq.*).

Defendants FITORY-SHOES, SEEROL and SMAJONGS have not asserted any counterclaims. *See* [20], [33]. Defendant BULV alleges counterclaims for declaratory judgment of no trade dress infringement, that the alleged trade dress is not protectable, and no violation of the UDTPA. *See* [37].

### E. Major Legal and Factual Issues in the Case

Whether Defendants engaged in federal trade dress infringement through their use of online marketplaces to advertise and sell products that embody Plaintiff's trade dress (the "Tazz® Trade Dress").

### F. Describe the Relief Sought

Plaintiff requests that that Defendants account for and pay to Plaintiff all damages and profits (including as provided by 15 U.S.C. § 1117 and by common law) realized by Defendants by reason of Defendants' unlawful acts. Defendant BULV seeks relief in the form of a declaratory judgment finding non-infringement, that the Tazz® Trade Dress is not protectable, and no violation of the UDTPA.

## 2. Case Plan

### A. Pending Motions

Defendant FITORY-SHOES's Motion to Dismiss Complaint [20] (the "Motion to Dismiss") is currently pending. Plaintiff responded to the Motion to Dismiss on December 1, 2025. [36], [43]. Defendant's reply in support of the Motion to Dismiss is due December 19, 2025. [36].

Plaintiff's Motion to Strike Defendants SMAJONG's and SEEROL's Answer to the Complaint [40] ("Motion to Strike") is currently pending. Defendants SMAJONG and SEEROL must respond to the Motion to Strike by December 15, 2025. [41]. Plaintiff's reply in support of the Motion to Strike is due December 22, 2025. [41].

Defendants FITORY -SHOES's, SMAJONG's and SEEROL's Motion to Continue the December 22, 2025 Status Hearing [42] is currently pending.

### B. Any Defendants Anticipate Responding to the Complaint by Motion

Defendant FITORY-SHOES filed its Motion to Dismiss [20] on October 14, 2025. Defendants SEEROL and SMAJONGS jointly filed an Answer [33] on November 5, 2025. Defendant BULV filed an Answer [37] on November 14, 2025.

### C. Proposed Discovery Plan

#### i. General Type of Discovery

The Parties anticipate the need for written discovery, including document production. The parties may also elect to conduct depositions of fact witnesses.

#### ii. Discovery Will Encompass E-Discovery

The Parties anticipate discovery will include ESI, which shall be produced in an electronic format that is feasible and acceptable to all Parties. Such documents may be produced in native

format, by TIFF or PDF images, or in another format agreed upon by the Parties. The Parties will confer to resolve any issues that arise with respect to electronic discovery, including issues regarding the compatibility of computer systems and software. ESI production requests shall not include metadata absent a showing of good cause. Each page of a produced document will contain a legible production number and confidentiality notice, where applicable, which will be placed on the page image in a manner that does not conceal or interfere with any information contained on the page. No other stamp or information will be placed on a document other than a production number, confidentiality notice, and any redactions. This provision does not apply to documents produced in native electronic format.

All papers will be served by e-mail upon an agreed list of counsel for the Parties. Service by e-mail will be considered service by hand-delivery for purposes of computing time. Voluminous supporting exhibits may be served by hand-delivery or next business day courier (e.g. Fed Ex, UPS, etc.) delivery. Except as otherwise agreed by the Parties or as ordered by the Court, the limitations in the Federal Rules and Local Rules apply.

iii. Privilege or Protection of Trail Preparation Materials

The Parties agree that Privilege logs shall be provided and updated on a rolling basis as documents are produced in response to any party's request for documents. The privilege logs shall provide reasons for each document withheld from production, as well as for each redaction from a document produced. Parties need not include privileged communications that occurred in preparation for and after this suit was filed in their privilege logs.

Documents produced during the litigation that are privileged can be recalled as soon as practicable after it is discovered they were produced without any need to show the production was inadvertent. No use shall be made of such recalled documents, including during depositions

4

or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them, except that such recalled documents may be used to challenge the asserted privilege claim(s).

iv.  Deadline to Exchange Fed. R. Civ. P. 26(a)(1) Disclosures

December 5, 2025.

v.  Date of Completion of Fact Discovery

June 25, 2026

vi.  Whether Expert Discovery is Contemplated

The Parties have not yet determined whether there will be expert discovery.

vii.  Changes to Discovery Imposed by the Federal Rules of Civil Procedure or Local Rules of the Northern District of Illinois

The Parties do not presently seek to alter the limitations imposed under the Federal Rules of Civil Procedure or the requirements of the Local Rules of the Northern District of Illinois.

viii.  Date by Which the Parties Must File Any Dispositive Motions

September 30, 2026.

**D.  Trial**

Plaintiff requests a jury trial.  Plaintiff estimates the length of the trial to be 2-4 days.

**3.  Consent to Proceed Before a Magistrate Judge**

The Parties have exchanged settlement offers.  The Parties do not request a settlement conference at this time.

**4.  Consent to Proceed Before a Magistrate Judge**

The Parties do not unanimously consent to proceed before a Magistrate Judge for all purposes.

Dated this 1st day of December 2025.     Respectfully submitted,


/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Thomas J. Juettner
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
tjjuettner@gbc.law

*Counsel for Plaintiff Deckers Outdoor Corporation*


/s/ Jianyin Liu
Jianyin Liu
FBN: 1007675
The Law Offices of James Liu PLLC
15750 SW 92nd Ave. Unit 20C
Palmetto Bay, FL 33157
jamesliulaw@gmail.com
Ph: (305) 209 6188

*Counsel for Defendants*
*FITORY-SHOES, SEEROL and SMAJONGS*

/s/ Benjamin Solter
Benjamin Solter
Cross-Border Counselor LLP
7755 Center Ave., Suite 1100
Huntington Beach, California
Direct Telephone No.: (781) 752-6369
Office Telephone No.: (858) 33-3383
bsolter@cbcounselor.com

*Counsel for Defendant BULV*