UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
Case No. 1:25-cv-09863

DECKERS OUTDOOR CORPORATION,

Plaintiff,

v.

A1VPG68YJ5DJCK, et al.,

Defendants.

_____/

**DEFENDANTS BAYECAO AND JINMAOTONG-US'S
MOTION TO DISMISS COMPLAINT**

Defendants BAYECAO (Defendant No. 6) and JINMAOTONG-US (Defendant No. 22) (collectively, the "Moving Defendants"), by and through undersigned counsel, move pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7) to dismiss Plaintiff's Complaint (Dkt. 1) for failure to state a claim upon which relief can be granted and for misjoinder. In support, the Moving Defendants state:

**INTRODUCTION**

Plaintiff Deckers Outdoor Corporation alleges trademark and trade dress infringement relating to its UGG® TAZZ footwear against more than 50 unrelated Amazon sellers. As to the Moving Defendants, the allegations are limited to single product listings (Compl. Ex. 1-1 at pp. 15–16 for BAYECAO; pp. 69–70 for JINMAOTONG-US) that Plaintiff claims infringe its asserted trade dress. These allegations fail as a matter of law because:

1

1. The asserted trade dress consists predominantly of functional features not protectable under the Lanham Act; and

2. Even as to any purportedly non-functional ornamental elements, Plaintiff fails to plead facts showing substantial similarity or likelihood of confusion.

Additionally, joinder of dozens of unrelated defendants is improper under Fed. R. Civ. P. 20 and controlling precedent in this District.

## ARGUMENT

### I. Failure to State a Claim – Trade Dress Is Functional and Not Infringed (Rule 12(b)(6))

To state a claim for trade dress infringement under 15 U.S.C. § 1125(a), Plaintiff must plead (1) a protectable trade dress that is (2) non-functional, and (3) that Defendants' products create a likelihood of confusion. *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 28 (2001); *Bodum USA, Inc. v. A Top New Casting Inc.*, 927 F.3d 486, 491 (7th Cir. 2019).

#### A. The Asserted Trade Dress Is Primarily Functional

Plaintiff's claimed trade dress for the UGG TAZZ includes elements such as platform sole, braided or woven trim, exposed sheepskin/fleece lining, suede upper, low ankle height, rounded toe, and thick outsole. These features are overwhelmingly functional:

- Platform sole and thick outsole provide height, cushioning, and durability.

- Exposed fleece lining provides warmth and comfort.

- Suede upper and low shaft height allow flexibility and ease of wear.

- Braided trim and stitching reinforce seams and add structural integrity.

Functional features are not protectable as trade dress. *TrafFix*, 532 U.S. at 32–33.. Courts in this District and elsewhere have repeatedly rejected trade dress protection for similar shearling footwear elements as functional and/or generic.

**B. No Substantial Similarity in Ornamental Aspects**

Even assuming any ornamental elements exist (which is denied), Plaintiff fails to plead facts showing the Moving Defendants' products are substantially similar in non-functional aspects. The Complaint offers only conclusory allegations and side-by-side images without identifying specific ornamental similarities. Visual inspection of the accused listings shows clear differences:

- BAYECAO: Distinct sole pattern, different braid execution, unique heel shape, and different material sheen/texture.
- JINMAOTONG-US: Different trim placement, altered proportions, unique stitching details, and visible branding elements absent from Plaintiff's design.

An ordinary observer would not confuse these products with Plaintiff's. Plaintiff pleads no facts supporting likelihood of confusion beyond ipse dixit.

**II. Misjoinder – Improper Joinder of Unrelated Defendants (Rule 12(b)(7) & Rule 20)**

Permissive joinder requires claims to arise from the "same transaction, occurrence, or series of transactions or occurrences" and share common questions of law or fact. Fed. R. Civ. P. 20(a)(2). This District has repeatedly held that joining dozens of unrelated online sellers in

3

"Schedule A" cases violates Rule 20 where defendants have no connection beyond selling allegedly similar products.

The Moving Defendants are unrelated Chinese entities with separate listings, supply chains, and operations. No allegation suggests coordinated infringement. Joinder is improper and prejudicial.

## CONCLUSION

For the foregoing reasons, the Moving Defendants respectfully request that the Court dismiss the Complaint as to them with prejudice under Rule 12(b)(6), or alternatively sever them under Rule 21.

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
The Law Offices of James Liu PLLC
30 N LaSalle St, Ste 1510
Chicago, IL 60602
Telephone: (305) 209-6188
Email: jamesliuclaw@gmail.com
Counsel for Defendants BAYECAO and
JINMAOTONG-US

Dated: January 7, 2026

## CERTIFICATE OF SERVICE

I certify that on January 7, 2026, a true copy of the foregoing was served via CM/ECF on all counsel of record and via email/international mail on known parties.

/s/ Jianyin Liu