IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>A1VPG68YJ5DJCK, et al.,<br><br>　　　　　　Defendants. | No. 25-cv-09863<br><br>Judge Andrea R. Wood<br><br>Magistrate Judge Maria Valdez |

**CONSENT JUDGMENT**

This action having been commenced by Plaintiff Deckers Outdoor Corporation ("Plaintiff" or "Deckers") against, among others, Defendant WEIHAOHAOTIAN ("Defendant"); and

Plaintiff and Defendant having resolved all claims arising from the allegations in the Complaint;

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendant since Defendant directly targets their business activities towards consumers in the United States, including Illinois. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating an e-commerce store that targets United States consumers using one or more seller aliases, offers shipping to the United States, including Illinois, accepts payment in U.S. dollars and/or funds from U.S. bank accounts, and has sold products using infringing versions of the Plaintiff's Tazz® Trade Dress (the "Infringing Products") to residents of Illinois. The Tazz® Trade Dress is unique and inherently distinctive, and is comprised of the following non-functional elements:

　　a)　An embroidered braid around the opening of the upper;

1

    b) A raised prominent seam on the front part of the upper running longitudinally down the center of the upper;

    c) A raised and rounded dome shaped toe;

    d) A brushed suede-like exterior; and

    e) A thick, platform outsole.

The Tazz® Trade Dress, which is a composite of the above-referenced features, is non-functional in its entirety, visually distinctive, and unique in the footwear industry. Examples of its distinctive appearance as a whole are shown below:




THIS COURT FURTHER FINDS that Defendant is liable for willful federal trade dress infringement (15 U.S.C. § 1125) and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, *et seq*.).

IT IS HEREBY ORDERED that:

1.     Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with them be permanently enjoined and restrained from:

    a. using the Tazz® Trade Dress in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine UGG® Tazz® product or not authorized by Plaintiff to be sold in connection with the Tazz® Trade Dress;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine UGG Tazz® product or any other product produced by Plaintiff, that is not Plaintiff's or not

   produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the Tazz® Trade Dress;

  c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

  d. further infringing Tazz® Trade Dress and damaging Plaintiff's goodwill; and

  e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks or trade dress, including the Tazz® Trade Dress, or any reproductions, counterfeit copies or colorable imitations thereof.

2. Pursuant to the parties' settlement agreement, Defendant shall pay Plaintiff four thousand forty-five dollars ($4,045) in damages (the "Damages Amount") according to the below chart:

3. Walmart Inc. ("Walmart") is ordered to transfer the Damages Amount from Defendant's accounts to Plaintiff within seven (7) calendar days of receipt of this Order.

4. This case is dismissed with leave to reinstate within one hundred and eighty (180) days, at such time, absent a motion to reinstate, shall automatically convert to a dismissal with prejudice.

5. Each party shall bear its own attorney's fees and costs.

IT IS SO ORDERED.

DATED: February 11, 2026.

_____
Andrea R. Wood
United States District Judge