**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>A1VPG68YJ5DJCK, et al.,<br><br>Defendants. | Case No. 25-cv-09863<br><br>**Judge Andrea R. Wood**<br><br>**Magistrate Judge Maria Valdez** |

## PLAINTIFF'S MOTION TO COMPEL

Plaintiff Deckers Outdoor Corporation ("Plaintiff" or "Deckers") hereby moves this Honorable Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to compel Defendants BAYECAO and JINMAOTONG-US (collectively, "Defendants") to respond fully to Plaintiff's First Set of Interrogatories, and to produce documents responsive to Plaintiff's First Set of Requests for the Production of Documents and Things.

## BACKGROUND AND LOCAL RULE 37.2 MEET AND CONFER CERTIFICATION

Defendants are e-commerce sellers that operate on the Amazon.com, Inc. ("Amazon") platform. Declaration of Justin T. Joseph ("Joseph Decl.") at ¶ 2. Through their online stores, Defendants have advertised, offered for sale, and sold infringing products that feature the protected elements of the Tazz® Trade Dress (the "Infringing Products"). *Id.* A comparison between Defendants' Infringing Products and Plaintiff's UGG® Tazz®, the embodiment of the Tazz® Trade Dress, is shown in Table 1 below. *See also* Joseph Decl. at ¶ 2; [1-1] at 19-21 and 74-77.

<table>
<tr><th>Tazz® Trade Dress<br>[1] at ¶ 18</th><th>BAYECAO’s Infringing Product<br>[1-1] at 19-21</th></tr>
<tr><td rowspan="3"><br></td><td></td></tr>
<tr><th>JINMAOTONG-US’s Infringing Product<br>[1] at 74-77</th></tr>
<tr><td></td></tr>
</table>

*Table 1*

On August 18, 2025, Plaintiff filed this action against multiple e-commerce stores that were and are currently infringing Plaintiff’s Tazz® Trade Dress. [1]. On January 7, 2026, Defendants filed a Motion to Dismiss Complaint under Fed. R. Civ. P. 12(b)(6) and (7) alleging failure to state a claim and misjoinder [67] (“Defendants’ Motion”). On the same date, Plaintiff served its First Set of Interrogatories and Requests for Production (collectively, “Plaintiff’s Discovery

Requests")[1] on Defendants. *See* Joseph Decl. at ¶ 3. The deadline for Defendants to respond to Plaintiff's Discovery Requests was February 6, 2026. *Id.* Defendants failed to timely respond or produce any responsive documents. *Id*.

On February 9, 2026, Plaintiff's counsel requested via e-mail that the parties hold a Local Rule 37.2 meet-and-confer conference to discuss Defendants' failure to respond to Plaintiff's Discovery Requests. *Id*. at ¶ 4. Plaintiff's February 9, 2026, e-mail included Plaintiff's Discovery Requests. *Id.* The Parties met and conferred on February 12, 2026. *Id.* During that meeting, the Parties agreed that Defendants would provide responses to Plaintiff's Discovery Requests by February 25, 2026. *Id.* at ¶ 5. As of this filing, Defendants have not responded to Plaintiff's Discovery Requests. *Id.* at ¶ 6. Pursuant to Local Rule 37.2, Plaintiff certifies that it conferred with Defendants' counsel in good faith to resolve Defendants' failure to respond to Plaintiff's Discovery Requests, but the Parties were unable to resolve the dispute without Court action.

## ARGUMENT

### I. Legal Standard

Discovery under the Federal Rules of Civil Procedure "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). This standard envisions and requires open, far-reaching discovery. *See United States v. Farley,* 11 F.3d 1385, 1390 (7th Cir. 1993) ("The Federal Rules of Civil Procedure contemplate broad discovery"). Also, Rule 37 provides that a party may seek to compel discovery in situations

[1] Attached hereto as **Exhibit 1**.

where a responding party refuses to provide requested documents or information. Fed. R. Civ. P. 37(a)(3)(B)(iv).

## II. Defendants Should be Required to Respond to Plaintiff's Discovery Requests

Plaintiff respectfully requests that Defendants be ordered to respond to Plaintiff's Discovery Requests. Plaintiff's Discovery Requests were served on Defendants on January 7, 2026. Joseph Decl. at ¶ 3. Defendants' responses were due on February 6, 2026 (30 days after being served). *See* Fed. R. Civ. P. 26, 33(b)(2), and 34(b)(2)(A). Defendants have not served any responses, nor produced any documents. Joseph Decl. at ¶¶ 3, 6.

Defendants' discovery responses are necessary for Plaintiff to learn about Defendants, Defendants' identities, the nature of Defendants' operations, and all associated sales, including the nature and extent of Defendants' operations in the United States. Plaintiff intends to conduct depositions in this case, and this information is necessary not only to prepare for the depositions, but also to determine the appropriate location to conduct Defendants' depositions. For instance, Defendants' exploitation of the U.S. market should require Defendants to make their agents available for a deposition in the United States. *See Recaro N. Am., Inc. v. Holmbergs Childsafety Co*, 2011 U.S. Dist. LEXIS 134978, at *7 (E.D. Mich. Nov. 22, 2011) (finding Plaintiff had a compelling interest to depose a Chinese defendant in Michigan where "Defendants sold their products worldwide, but maintained an exclusive American sales agent that traveled to Michigan and intentionally sought out Plaintiff's business in Michigan," and "Michigan has a strong public interest in protecting its corporate citizens from defective, foreign manufactured equipment.").

Additionally, Defendants have not provided information or documents showing that they performed a search to determine how many total Infringing Products were sold on Defendants' e-commerce stores or on any of the other e-commerce stores that Defendants may operate. Joseph

Decl. at ¶ 7. Likewise, it is unknown whether Defendants had other infringing listings that were no longer active at the time Plaintiff learned of Defendants' infringement. Defendants have not turned over any images and information regarding other product listings so that Plaintiff could review and determine if any additional products were infringing.

It is not unreasonably burdensome for Defendants to perform a search and provide information and documentation regarding products that were listed for sale on their Amazon stores for the past five years. *See Volkswagen Group of America, Inc. v. The P'ships & Unincorporated Ass'ns Identified on Schedule "A", et. al.*, No. 21-cv-04758 (N.D. Ill. July 1, 2022) (unpublished) (Dkt. Nos. 66-67) (Kennelly, J.) (ordering Amazon.com store operator defendant to produce information for all products that were advertised and offered for sale on its e-commerce store within the previous year, including images of the products, prices, and sales data).

Defendants should not be permitted to disregard their discovery obligations.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to compel Defendants to respond fully to Plaintiff's Discovery Requests.

Dated this 3rd day of March 2026.

Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Luana Faria de Souza
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
lfaria@gbc.law

*Counsel for Plaintiff Deckers Outdoor Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of March 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send a "Notice of E-Filing" to all parties that have appeared in the case.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Luana Faria de Souza
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
lfaria@gbc.law

*Counsel for Plaintiff Deckers Outdoor Corporation*