# Exhibit 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VOLKSWAGEN GROUP OF AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> AUTO-FOXSN STORE, et al., <br><br> Defendants. | Case No. 21-cv-04758 <br><br> **Judge Matthew F. Kennelly** <br><br> **Magistrate Judge Maria Valdez** |

## STATUS REPORT REGARDING JURISDICTIONAL DISCOVERY

Pursuant to Order [64], Plaintiff Volkswagen Group of America, Inc. ("Plaintiff") and Defendant Eppar ("Defendant") submit the following status report regarding jurisdictional discovery.

Plaintiff served proposed discovery requests on Defendant on June 20, 2022. On June 24, 2022, Defendant objected to seven Interrogatories and six Requests for Production. In response, Plaintiff agreed to narrow several of its discovery requests. The below discovery requests remain at issue. The current version of the discovery requests are attached as Exhibit 1.

Interrogatory 5:    For Your e-commerce stores advertising and offering for sale Plaintiff Branded Product, identify each product sold to the United States by You in the year prior to the date of this Lawsuit, including, but not limited to, the following for each product sold: item title, images of the product, price, sale date, the retail outlet or e-commerce store and the shipping address.

Request 3:    For Your e-commerce stores advertising and offering for sale Plaintiff Branded Product, documents and electronically stored information relating to each product sold into the United States by You in the previous year prior to the beginning of this Lawsuit, including, but not limited to, the following for each product sold: item title, images of the product, price, sale date, the retail outlet or e-commerce store, and shipping address.

Plaintiff has agreed to narrow the scope from five years to the preceding year and to Defendant's e-commerce stores advertising and offering for sale Plaintiff Branded Product.

1

Plaintiff's position is that this information is relevant to test the veracity of the statements made in Defendant's Motion. Specifically, Plaintiff cannot determine how a search was performed to determine how many infringing items were sold, and Defendant took actions to conceal its counterfeit operation and infringement by blurring images of Plaintiff's trademarks on its Amazon listing:

| Listing Image | Received Product |
|---|---|
|  | |

*See* [59-1]. As such, this information is relevant to verify the accuracy of Defendant's representations of Plaintiff Branded Product sales to the United States (under Fed. Civ. P. 4(k)(2)) and Illinois (under Fed. Civ. P. 4(k)(1)). This is also particularly necessary since Plaintiff does not plan to depose Defendant.

Defendant's position: In the meet and confer, Plaintiff's counsel already agreed to narrow their Request No. 3 to Plaintiff Branded Product, which is the infringing products. See below screenshots from Plaintiff counsel's email during the meet and confer:

**RE: Proposed Discovery for Ep...**

**RFPs 3 and 4** — We agree to narrow the scope to Plaintiff Branded Product.

**RFP 5** — We agree to narrow the scope to Defendant's ecommerce stores that offered for sale Plaintiff Branded Product.

**RFP 6** — We agree to narrow the scope to financial accounts linked to Defendant's ecommerce stores that offered for sale Plaintiff Branded Product.

**RFP 7** — We will withdraw this RFP.

**RFP 8** — We disagree as this is relevant for knowing whether any potential responsive documents were destroyed.

Best regards,

Justin

Now, Plaintiff's counsel want to change their position and re-negotiate the points they already agreed during the meet and confer. The requests for information and productions for non-infringing products are improper because the jurisdictional purpose "[t]he only sales that would be relevant are those that were related to [defendant's] alleged unlawful activity." *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 401 (7th Cir. 2020) (quoting *Advanced Tactical Ordnance Sys. v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014)).

In addition, another interrogatory already covers Plaintiff's concern that how a search was performed to determine how many infringing items were sold. In Interrogatory No. 4, Plaintiff asks Eppar to "[i]dentify and describe in detail Your procedure for determining whether

a product offered for sale by You to the United Sales was a Plaintiff Branded Product." Eppar has no objection to this interrogatory.

Interrogatory 8:     Identify Your gross revenue worldwide for each of the past five years.

Interrogatory 9:     Identify what percentage of Your worldwide gross revenue were for sales to Illinois consumers for each of the past five years.

Interrogatory 10:     Identify what percentage of Your worldwide gross revenue were for sales to United States consumers for each of the past five years.

Plaintiff's position on Interrogatory Nos. 8, 9 and 10 is that gross revenue is relevant to the fairness of allowing jurisdiction in Illinois, which is considered when evaluating jurisdiction. Other cases in this District explicitly noted other sales to Illinois and the United States when finding that jurisdiction was proper over a China based e commerce store operator. *See Volkswagen AG v. iman365-usa*, No. 18-cv-06611, 2020 U.S. Dist. LEXIS 34218, at *9 (N.D. Ill. Feb. 28, 2020) (finding personal jurisdiction where "Audi also provided evidence of 95 transactions between the Defendant and Illinois customers over a period of around eight months. At least one of these transactions involved shipping a counterfeit Audi product to Illinois."); *see also, Christian Dior Couture, S.A. v. Liu,* No. 15 C 6324, 2015 U.S. Dist. LEXIS 158225, at *12-13 (N.D. Ill. Nov. 17, 2015) (finding personal jurisdiction based on the offer for sale of infringing product to Illinois and noting that "The record shows that Defendants have significant sales within the United States.") If Defendant is getting "the benefit of a nationwide business model" in the United States with significant sales in the United States, it would further support a finding that it is fair to subject Defendant to jurisdiction in Illinois. *See Volkswagen AG*, 2020 U.S. Dist. LEXIS 34218, at *11 citing *Ill. v. Hemi Grp. LLC*, 622 F.3d 754, 760 (7th Cir. 2010).

Defendant's position: Requests for gross revenue information or percentage of the gross revenue for the non-infringing products are improper because "[t]he only sales that would be relevant are those that were related to [defendant's] alleged unlawful activity." *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 401 (7th Cir. 2020) (quoting *Advanced Tactical Ordnance Sys. v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014)).

The Circuit Court's reasonings in *Curry* and *Advanced Tactical* are particularly instructive because both cases involved trademark infringement claims. *Curry*, 949 F.3d 385, 401. Besides the minimum contacts, the proper exercise of specific jurisdiction also requires that the defendant's minimum contacts with the forum state be "suit-related." *Advanced Tactical*, 751 F.3d 796, 801. "There must be a 'connection between the forum and the specific claims at issue' and 'even regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales.'" *Curry*, 949 F.3d 385, 401 (internal quotation omitted).

Plaintiff's gross revenue requests in Interrogatories Nos. 8, 9 and 10 should be limited to the alleged infringing products, should not include the non-infringing products.

Dated this 29th day of June 2022.       Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law

*Counsel for Plaintiff Volkswagen Group of America, Inc.*

/s/ Ge Li
Kevin K. Tung
Ge Li
Jiajie Cao
KEVIN KERVENG TUNG, P.C.
Queens Crossing Business Center
136-20 38th Avenue, Suite 3D
Flushing, New York 11354
718.939.4633 / 718.939.4468
ktung@kktlawfirm.com
gli@kktlawfirm.com
jcao@kktlawfirm.com

Erin Kathryn Russell
The Russell Firm, LLC
833 W. Chicago Avenue, Suite 508
Chicago, Illinois 60642
312.994.2424
erin@russellfirmip.com

*Counsel for Defendant Eppar*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June 2022, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E-Filing" to the parties of record in this case.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law

*Counsel for Plaintiff Volkswagen Group of America, Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF NextGen 1.6.3
### Eastern Division

Volkswagen Group of America, Inc.

                         Plaintiff,

v.                                  Case No.:
                                  1:21−cv−04758
                                  Honorable Matthew F.
                                  Kennelly

The Partnerships and Unincorporated Associations
Identified on Schedule "A", et al.

                         Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, July 1, 2022:

     MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 7/1/2022. Interrogatory 5 and request for production 3 are enforced with the limitation that is set out in the status report at page 1. Interrogatories 8, 9, and 10 are not enforced. Plaintiff's response to the motion to vacate [56] is due on 8/31/2022; defendant's reply is due 9/21/2022. A telephonic status and possible ruling on the motion to vacate is set for 10/5/2022 at 8:50 a.m. The following call−in number will be used for the hearing: 888−684−8852, conference code 746−1053. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (mma, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.