# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DECKERS OUTDOOR CORPORATION,

        Plaintiff,

v.

A1VPG68YJ5DJCK, et al.,

        Defendants.

Case No. 25-cv-09863

**Judge Andrea R. Wood**

**Magistrate Judge Maria Valdez**

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT FITORY-SHOES' AMENDED MOTION FOR PROTECTIVE ORDER TO MODIFY DEPOSITION NOTICES TO REQUIRE REMOTE VIDEOCONFERENCE DEPOSITIONS [88]

Plaintiff Deckers Outdoor Corporation ("Deckers" or "Plaintiff") files its response in opposition to Defendant FITORY-SHOES' ("Defendant") Amended Motion for Protective Order to Modify Deposition Notices to Require Remote Videoconference Depositions [88] (the "Motion") and respectfully requests this Court deny the Motion and order that Defendant's Fed. R. 30(b)(6) and Fed. R. Civ. P. 30(b)(1) witnesses be deposed in-person in Chicago, Illinois or, alternatively, an agreed-upon location in the United States. If Defendant is unwilling to produce these witnesses for in-person depositions in the United States, Defendant should be barred from introducing any party witnesses to testify on behalf of Defendant at trial and in dispositive motions.

## BACKGROUND

Defendant is an e-commerce seller that operates on the Amazon.com, Inc. ("Amazon") platform. Declaration of Justin T. Joseph (hereafter, "Joseph Decl.") at ¶ 2. Through its online store, Defendant has advertised, offered for sale, and sold an infringing product that features the protected elements of the Tazz® Trade Dress. *Id*. In its response to Plaintiff's interrogatories, Defendant indicated that 90% of its gross revenue is from sales to United States consumers. *Id*. ¶

1

3. Defendant further indicated that all marketing, promotion, and sales of its products to U.S. consumers occurs on Amazon. *Id*. Sales records produced by Amazon indicate that Defendant has sold 4,594 units of infringing product, totaling $168,188 in revenue. *Id*. at ¶ 4.

On December 9, 2025, Defendant served its untimely Rule 26(a)(1) initial disclosures. *Id*. at ¶ 5. Defendant's disclosure under Rule 26(a)(1)(i) identified "Representative(s) of Defendant FITORY-SHOES" as having discoverable information. *Id*. After repeated requests by Plaintiff to identify individuals with discoverable information, on January 17, 2026, Defendant disclosed Jie Liang Zheng ("Mr. Zheng"). *Id*.[1] Defendant's counsel indicated that Mr. Zheng is Defendant's "Operator." *Id*. Mr. Zhang also verified Defendant's responses to Plaintiff's First Set of Interrogatories. *Id*. at ¶ 3.

On January 30, 2026, Plaintiff's counsel served a Rule 30(b)(1) deposition notice directed at Mr. Zheng, and a Rule 30(b)(6) deposition notice directed at FITORY-SHOES. *Id*. at ¶ 6. Both depositions are scheduled to occur on April 8, 2026. *Id*.

On March 5, 2026, Plaintiff's counsel requested Defendant's counsel to identify the deponents for the Rule 30(b)(6) deposition. *Id*. at ¶ 7. Defendant has not responded to this request. *Id*. On March 6, 2026, the parties held a L.R. 37.2 conference to discuss Defendant's failure to respond to Plaintiff's Second Set of Discovery Requests. *Id*. During this meeting, Defendant's counsel confirmed Mr. Zheng would be Defendant's only deponent for the Rule 30(b)(6) deposition. *Id*.

---

[1] Defendant identified Mr. Zheng by email. Defendant has not properly amended its Rule 26(a)(1) disclosures to identify Mr. Zheng.

**ARGUMENT**

I.      **The Equities Strongly Favor Rule 30(b)(6) and 30(b)(1) Depositions to Occur In-Person Within the United States.**

"Corporate defendants are frequently deposed in places other than the location of their principal place of business, especially when the deposition site is the forum most convenient to all parties and that which best serves the general interests of judicial economy." *Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333, 338 (N.D. Ind. 2000); *see Deckers Outdoor Corp. v. Australian Leather Pty Ltd., et al.,* No. 16-cv-03676 (N.D. Ill. Mar. 9, 2017) (Docket Entry No. 63) (Shah, J.) (granting a motion to compel and ordering an Australian-based corporate defendant to sit for a deposition in the United States); *Oakley, Inc. v. Light in the Box Limited*, No. 23-cv-04966 (N.D. Ill Feb. 8, 2024) (Docket Entry No. 30) (Jenkins, J.) (holding that a Chinese-based corporate Defendant was required to appear in the U.S. for a deposition); *Jacobs v. Floorco Enters.*, 2020 U.S. Dist. LEXIS 46921, at *49-50 (W.D. Ky. Mar. 18, 2020) (requiring a Chinese-based corporate Defendant to sit for a deposition in Kentucky).

The court "has substantial discretion to specify the time and place of any deposition." *Custom Form Mfg.,* 196 F.R.D. at 336 (quoting *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987)). There is a general presumption that a deposition of a corporation, through its agents, should be taken at the corporation's principal place of business. *Zuckert v. Berkliff Corp.*, 96 F.R.D. 161, 162 (N.D. Ill. 1982); *Custom Form Mfg.,* 196 F.R.D. at 336.  However, this presumption is more of a "decision rule that facilitates determination when other relevant factors do not favor one side over the other." *Id.* (quoting *Bank of New York v. Meridien BIA Bank Tanzania Ltd.*, 171 F.R.D. 135, 155 (S.D.N.Y. 1997)); *see also Mintel Int'l Group, Ltd. v. Neerheen*, 2008 U.S. Dist. Lexis 122595, *5-6 (N.D. Ill. 2008).  Courts have looked at factors such as whether the time, expense, and inconvenience of the deposition would present a *special* hardship for the

deponent, and the ability of the court to intervene in any disputes that might arise in during the deposition. *New Medium Techs. LLC,* 242 F.R.D. 460, 467 (N.D. Ill. 2007). Courts also consider the location of counsel as a factor in ordering a foreign corporation to appear in the forum district. *Mintel Int'l Group, Ltd.*, 2008 U.S. Dist. Lexis 122595, at *7.

In this case, the presumption that Defendant should be deposed in China does not apply because Chinese law prohibits Plaintiff from deposing Defendant in China.  Considering China is not an option, the relevant equitable factors favor a deposition in Chicago, Illinois, or another location in the United States.

**A.  Chinese Law Prohibits Depositions to be Conducted for Use in U.S. Proceedings.**

Defendant is located in China, where taking depositions for use in U.S. legal proceedings is illegal.  *Inventus Power v. Shenzhen Ace Battery,* 339 F.R.D. 487, 496, 500 (N.D. Ill. 2021) ("it is undisputed the 'law of China prohibits' depositions … for use in foreign courts[. ]"); *Jacobs*, 2020 U.S. Dist. LEXIS 46921, at *49-50 ("[Defendant] has not pointed the Court to any authority suggesting that it is likely any request submitted by [Plaintiff] to take Tu's deposition pursuant to the Hague Convention would be granted, nor was the Court able to find any reliable authority that suggested the same."); *Outdoor Prods. Innovation, Inc. v. Jest Textiles*, 2020 U.S. Dist. LEXIS 28814, at *39 (N.D. Ohio Feb. 20, 2020) ("during the course of discovery on this issue, it became apparent that China prevents the taking of an oath.").

Courts have also confirmed this extends to remote testimony.  *Inventus Power*, 339 F.R.D. at 500; *Shijiazhuang Hongray Grp. v. World Trading 23 Inc.*, 2023 U.S. Dist. LEXIS 133536, at *11 (C.D. Cal. Feb. 28, 2023) ("[T]he parties agree it would be illegal under Chinese law for Mr. Liu to sit for deposition in China, even by remote means…"); *Jacobs*, 2020 U.S. Dist. LEXIS 46921, at *50 (noting that because under Chinese law, "a remote deposition appears unlawful, the

Court concludes the convenience factor weighs in favor of compelling Tu to appear for a deposition in Kentucky.").

Thus, of the Court cannot presume Defendant should be deposed in China since both in-person and remote depositions for use in U.S. proceedings are illegal in China. *Jacobs*, 2020 U.S. Dist. LEXIS 46921, at \*50 ("The Court will neither direct nor encourage the Parties to engage in potentially illegal conduct."). Accordingly, the Rule 30(b)(6) and Rule 30(b)(1) depositions of Defendant should occur in the U.S., and preferably in Chicago, Illinois.

**B. Multiple Factors Weigh in Favor of Compelling Defendant to Appear in the U.S. for a Deposition.**

1. *Defendant Almost Exclusively Conducts Business in the U.S.*

Courts have routinely held that "when a foreign corporation is ***doing business in the United States***, is subject to the court's jurisdiction, and has freely taken advantage of our federal rules of discovery" the presumption that a corporation's agent should be deposed in the corporation's principal place of business is overcome. *New Medium Techs. LLC*, 242 F.R.D. at 466 (emphasis added); *see Custom Form Mfg.*, 196 F.R.D. at 336 (collecting cases wherein foreign corporate agents were compelled to attend a deposition in the United States).

Defendant should have foreseen having to appear for a deposition in the United States considering its significant business activity in this country. In its response to Plaintiff's interrogatories, Defendant indicated that approximately 90% of its gross revenue is from sales to United States consumers. Joseph Decl. at ¶ 3. Defendant further indicated that all marketing, promotion, and sales of its products to U.S. consumers occurs on Amazon, a U.S.-based platform. *Id*. Sales records produced by Amazon indicate that Defendant has sold 4,594 units of infringing product, totaling $168,188 in revenue. *Id*. at ¶ 4.

Even though Defendant is physically located in China, its business operates on a U.S. based platform and sells almost exclusively to U.S. consumers. This exploitation of the U.S. market should require Defendant to make its agents available for a deposition in the United States. *See Recaro N. Am., Inc. v. Holmbergs Childsafety Co*, 2011 U.S. Dist. LEXIS 134978*, at* \*7 (E.D. Mich. Nov. 22, 2011) (finding Plaintiff had a compelling interest to depose a Chinese defendant in Michigan where "Defendants sold their products worldwide, but maintained an exclusive American sales agent that traveled to Michigan and intentionally sought out Plaintiff's business in Michigan," and "Michigan has a strong public interest in protecting its corporate citizens from defective, foreign manufactured equipment.").

2. *Defendant Has Not Shown Good Cause For a Remote Deposition.*

Defendant has indicated to Plaintiff that it will not appear in the U.S. for a deposition, but will be made available for a remote deposition in either China or Hong Kong. [88] at ¶ 3. Defendant has not met its burden of showing good cause as to why the deposition cannot be in person. *See, e.g., Nitz v. Lee*, 2015 WL 13657144, at \*3 (N.D. Ind. June 22, 2015) (denying a remote deposition where the party seeking to conduct a remote deposition did not meet its burden of showing good cause); *Dollard v. v. City of Safety Harbor, Fla.*, No. 8:21-CV-304-MSS-JSS, 2022 WL 1212791, at \*1 (M.D. Fla. Apr. 25, 2022) ("The Federal Rules of Civil Procedure empower Defendant, as the party taking the deposition, to determine the medium and location of the deposition. … Plaintiff has not established good cause for the court to circumvent Defendant's selected medium."). Defendant only states that international travel to the United States requires a passport or visa. [88] at ¶ 1. Defendant does not indicate whether or not Mr. Zheng has a passport or visa already. *Id*. Additionally, Defendant has not made Plaintiff or the Court aware of any obstacles or special hardships that it has or will face getting a visa to enter the United States.

Moreover, in-person depositions are crucial to assessing a witness' potential presentation at trial, veracity, and credibility. *See, e.g., D.M. v. Cnty. of Merced*, 2022 WL 229865 at \*4 (E.D. Cal. Jan. 26, 2022) ("The Court finds Plaintiffs' have legitimate and reasonable reasons for desiring to conduct depositions in-person, and Plaintiffs have demonstrated that they have consistently informed Defendants of this position when communicating regarding the setting of depositions. In the Court's experience, in-person depositions are crucial to assessing a witness's potential presentation at trial, veracity, and credibility."). Additionally, conducting the deposition remotely would be extremely complicated as a translator will likely be required, and there will be dozens of exhibits.

   3. *Conducting a Deposition in the U.S. Would not be Unduly Burdensome to Either Party.*

Travel expenses of a deponent are not the only relevant expense considered in determining the site of a deposition; the travel expense of counsel is also relevant. *See Kasper v. Cooper Canada, Ltd.*, 120 F.R.D. 58, 60 (N.D. Ill. 1988); *see also Custom Form Mfg.,* 196 F.R.D. at 337-38. Both parties' attorneys reside in Chicago, Illinois. [4]-[8], [19]. There is one foreign deponent (Mr. Zheng). Joseph Decl. at ¶¶ 7. There would be more costs incurred to fly counsel out to China (or Hong Kong) as opposed to Mr. Zheng traveling to the United States. *See Deckers Outdoor Corp. v. Australian Leather Pty Ltd., et al.*, No. 16-cv-03676 (N.D. Ill. Mar. 10, 2016) (Docket Entry No. 64, at 8:8-8:19) (finding in part that an Australian corporate deponent had to appear for a U.S. deposition where "the parties have Chicago and United States counsel, such that a location of the deposition in the United States would not be burdensome to both sides… I don't find the burden on [Defendant] to traveling to the United States to be deposed is particularly burdensome, given that he is a party to this litigation, he's involved in this litigation.").

Conversely, Defendant has not identified any special hardship that will occur if the deposition were to take place in the United States. The only alleged burden Defendant's counsel has provided is that Mr. Zheng may have to obtain a visa to enter the United States. [88] at ¶ 1. This is not a demonstrable hardship; Defendant just states that international travel to the U.S. requires a visa or passport. There is no additional explanation provided as to why Defendant cannot sit for a U.S.-based deposition (e.g., sickness or U.S. government refusing entry). Accordingly, Defendant will not face a special hardship through having to appear for a deposition in the United States.

4. *The Court's Ability to Intervene Would Diminish with an Overseas Deposition.*

Several Courts have factored in the time difference when ordering witnesses to appear for depositions because the court's ability to intervene in disputes during a foreign deposition would be diminished. *New Medium Techs., LLC,* 242 F.R.D. at 467 ("[W]hile depositions are going on in Tokyo, Chicago judges – at least most of them – are not conducting judicial business, and the courts are closed . . . . If problems arise and judicial supervision is unavailable, the costs would be excessive and the proceedings needlessly dilated."). In the present case, the same considerations apply. The Court would not be able to easily intervene in disputes that arise in a deposition in China (assuming *arguendo* it was legal). *See Jacobs*, 2020 U.S. Dist. LEXIS 46921, at *49 ("[T]he Court recognizes that requiring the Parties to attempt to conduct a deposition in China will substantially impair, if not eliminate, this Court's ability to intervene if a discovery dispute arises during Tu's deposition.").

Accordingly, Defendant should be required to sit for an in-person deposition in Chicago, Illinois or, alternatively, an agreed upon location within the United States.

## II. There is No Basis to Defendant's Request to Quash Plaintiff's Rule 30(b)(1) Deposition Because Mr. Zheng is a Managing Agent of Defendant.

Rule 30(b)(1) provides that "a party may compel a corporate officer, director, or managing agent to give testimony pursuant to a notice of deposition." Fed. R. Civ. P. 30(b)(1). The burden to show an individual is a managing agent "is a modest one and any doubts are resolved in favor of the examining party." *Inventus Power*, 339 F.R.D. at 508. Defendant alleges that Mr. Zheng is a non-party witness, but Defendant's own representations confirm Mr. Zheng is a managing agent of Defendant.

Defendant identified Mr. Zheng as the "Operator" of FITORY-SHOES. Joseph Decl. at ¶ 5. Defendant has not identified any other individuals as having discoverable information. *Id*.; *see Inventus Power*, 339 F.R.D. at 508 (finding Defendant's deponents qualified as managing agents for purposes of Rule 30(b)(1) in part because they were "the very individuals who were purportedly recruited by [the defendant] and misappropriated [the plaintiff's] trade secret information, and [the defendant] has not identified any other employees who would have more authority than them on their own involvement in those issues."). Mr. Zheng also verified Defendant's responses to Plaintiff's First Set of Interrogatories. *Id*. at ¶ 3. Lastly, Defendant's counsel indicated that Mr. Zheng would be the sole deponent for the Rule 30(b)(6) deposition. *Id*. at ¶ 7; *see In re Honda Am. Motor Co., Inc. Dealership Rels. Litig.*, 168 F.R.D. 535, 541 (D. Md. 1996) (quoted by *Inventus Power*, 339 F.R.D. at 508) ("The 'paramount test' is whether the individual can be expected to identify with the corporation's interests as opposed to an adversary's.").

Accordingly, there is no basis for Defendant to claim Mr. Zheng is not a party witness. The Court should, therefore, deny Defendant's request to quash Plaintiff's Rule 30(b)(1) deposition.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's

Motion and require Defendant's witness(es) to attend the deposition in-person in Chicago, Illinois

or, alternatively, a location in the United States.

Dated this 13th day of March 2026.      Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Luana Faria de Souza
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
lfaria@gbc.law

*Counsel for Plaintiff Deckers Outdoor Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of March 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail to the e-mail addresses identified in **Exhibit A** hereto that includes a link to said website.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Luana Faria de Souza
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
lfaria@gbc.law

*Counsel for Plaintiff*
*Deckers Outdoor Corporation*