# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>A1VPG68YJ5DJCK, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-09863<br><br>**Judge Andrea R. Wood**<br><br>**Magistrate Judge Maria Valdez** |

## DECLARATION OF JUSTIN T. JOSEPH

I, Justin T. Joseph, of the City of Chicago, in the State of Illinois, declare as follows:

1. I am an attorney at law, duly admitted to practice before the United States District Court for the Northern District of Illinois. I am one of the attorneys for Plaintiff Deckers Outdoor Corporation ("Plaintiff" or "Deckers"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows:

2. Defendant is an e-commerce seller that operates on the Amazon.com, Inc. ("Amazon") platform. Through its online store, Defendant has advertised, offered for sale, and sold an infringing product that features the protected elements of the Tazz® Trade Dress. Attached hereto as **Exhibit 1** are screenshots of Defendant's Amazon e-commerce store.

3. In its response to Plaintiff's interrogatories, Defendant indicated that 90% of its gross revenue is from sales to United States consumers. Defendant further indicated that all marketing, promotion, and sales of its products to U.S. consumers occurs on Amazon. Jie Liang Zheng ("Mr. Zheng") verified the interrogatory responses. Attached hereto as **Exhibit 2** is a true and correct copy of Defendant's responses to Plaintiff's First Set of Interrogatories.

4. Sales records produced by Amazon indicate that Defendant has sold 4,594 units of infringing product, totaling $168,188 in revenue.

5. On December 9, 2025, Defendant served its untimely Rule 26(a)(1) initial disclosures. Defendant's disclosure under Rule 26(a)(1)(i) identified "Representative(s) of Defendant FITORY-SHOES" as having discoverable information. After repeated requests by Plaintiff to identify individuals with discoverable information, on January 17, 2026, Defendant disclosed Mr. Zheng. Defendant's counsel indicated that Mr. Zheng is Defendant's "Operator." Attached hereto as **Exhibit 3** is a true and correct copy of the email correspondence from Defendant's counsel identifying Mr. Zheng as "Operator" of Defendant FITORY-SHOES.

6. On January 30, 2026, I served a Rule 30(b)(1) deposition notice directed at Mr. Zheng, and a Rule 30(b)(6) deposition notice directed at FITORY-SHOES. Both depositions were scheduled to occur on April 8, 2026. Attached hereto as **Exhibits 4 and 5** are Plaintiff's Rule 30(b)(1) deposition notice and Rule 30(b)(6) deposition notice respectively.

7. On March 5, 2026, I requested Defendant's counsel to identify the deponents for the Rule 30(b)(6) deposition. Defendant has not responded to this request. On March 6, 2026, the parties held a L.R. 37.2 conference to discuss Defendant's failure to respond to Plaintiff's Second Set of Discovery Requests. During this meeting, Defendant's counsel confirmed Mr. Zheng would be Defendant's only deponent for the Rule 30(b)(6) deposition.

8. Attached hereto as **Exhibit 6** are true and correct copies of a minute entry and transcript from *Deckers Outdoor Corp. v. Australian Leather Pty Ltd., et al.,* No. 16-cv-03676 (N.D. Ill. Filed Mar. 28, 2016) and a minute entry from *Oakley, Inc. v. Light in the Box Limited*, No. 23-cv-04966 (N.D. Ill Filed July 28, 2023) cited in Plaintiff's Response to Plaintiff's Motion for

Protective Order to Modify Deposition Notices to Require Remote Videoconference Depositions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 13th day of March 2026 in Chicago, Illinois.

/s/ Justin T. Joseph
Justin T. Joseph
*Counsel for Plaintiff Deckers Outdoor Corporation*