Exhibit 5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>A1VPG68YJ5DJCK, et al.,<br><br>Defendants. | Case No. 25-cv-09863<br><br>**Judge Andrea R. Wood**<br><br>**Magistrate Judge Maria Valdez** |

### NOTICE TO TAKE DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)

TO:  Jianyin Liu
   The Law Offices of James Liu PLLC
   15750 SW 92nd Ave., Unit 20C
   Palmetto Bay, FL 33157
   jamesliulaw@gmail.com
   Ph: (305) 209-6188

**PLEASE TAKE NOTICE** that on April 8, 2026, Plaintiff Deckers Outdoor Corporation ("Plaintiff" or "Deckers") will take the deposition upon oral examination of FITORY-SHOES ("Defendant") pursuant to Fed. R. Civ. P. 30(b)(6), beginning at 9:30 a.m. Central Time. The deposition will take place at the office of Greer, Burns & Crain, Ltd., 200 West Madison Street, Suite 2100, Chicago, Illinois, 60606. The deposition will be recorded by stenographic means and will be taken before a certified court reporter who is authorized to administer oaths in the place where the deposition will be held. In addition to the transcription, said deposition will be recorded by video and audio means. The taking of this deposition may be adjourned from day to day until completed and may occur over several days.

Pursuant to Fed. R. Civ. P. 30(b)(6), Defendant shall designate one or more officers, directors, managing agents or other persons who are most qualified and consent to testify on

1

Defendant's behalf about each numbered category in the attached Exhibit A.

Dated this 30th day of January 2026.	Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Luana Faria de Souza
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
lfaria@gbc.law

*Counsel for Plaintiff Deckers Outdoor Corporation*

# EXHIBIT A TO DEPOSITION NOTICE – CATEGORIES OF TESTIMONY FOR THE FED. R. CIV. P. 30(B)(6) OF DEFENDANT

## DEFINITIONS

The following terms and definitions apply to the below-listed testimony categories, as well as within this Definitions sections itself.

1. "Person" shall mean individuals or entities of any type, including without limitation, individuals, governments (or any agencies thereof), quasi-public entities, corporations, partnerships, limited liability companies, groups, trusts, mutual or joint ventures, and other forms of organizations or associations.

2. "Date" shall mean the exact date, month and year or, if not ascertainable, the best approximation thereof.

3. The phrase "relating to", "related to", or "relate(s) to" means and includes concerning, reflecting, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, referring to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, and/or supporting.

4. "Plaintiff" shall mean, unless otherwise indicated, the Plaintiff identified in the above caption, any of Plaintiff's officers, directors, employees, agents and representatives, and all persons acting on Plaintiff's behalf.

5. "Defendant" or "You" or "Your" or "Yourself" shall be deemed to include FITORY-SHOES, and (a) its present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, contractors, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated entities; (b) any other person acting on Defendant's behalf, or on whose behalf Defendant acted; and (c) any other person otherwise

controlled by Defendant, or which controls Defendant, or which is under common control with Defendant.

6. "Financial Accounts" shall be deemed to include any accounts relating to any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Western Union, Alipay, Amazon Pay, and PayPal, Inc. ("PayPal"), or other merchant account providers, payment providers, third party payment processors, and credit card associations (e.g., MasterCard and Visa Inc.) which receive payments or hold assets for Defendant.

7. "Defendant's E-commerce Stores" shall be deemed to include at least the e-commerce store having the Name/Seller Alias FITORY-SHOES and the URL amazon.com/sp?seller=A3360EDQGQ5O75 as identified in this Lawsuit and any other e-commerce stores owned and/or operated by FITORY-SHOES or used by Defendant to advertise, distribute, offer for sale or sell Accused Products (as defined herein).

8. "Lawsuit" or "Litigation" shall mean the above captioned lawsuit filed in the U.S. District Court for the Northern District of Illinois.

9. "Complaint" shall mean the Complaint filed by Plaintiff in the Lawsuit, as well as any subsequently filed complaints by Plaintiff.

10. As used herein, "Plaintiff's Trade Dress" shall refer to Plaintiff's Tazz® Trade Dress as defined in the Complaint. *See* [1] at ¶¶ 17-18.

11. As used herein, "Accused Products" shall mean any product advertised, marketed, promoted, manufactured, imported, distributed, offered for sale or sold by Defendant using, reproducing, copying, imitating, relating to, featuring, referencing, or bearing Plaintiff's Trade Dress, reproductions of Plaintiff's Trade Dress, colorable imitations of Plaintiff's Trade Dress, marks and/or designs similar to Plaintiff's Trade Dress, or marks and/or designs substantially

indistinguishable from Plaintiff's Trade Dress as Plaintiff's Trade Dress is defined in the Lawsuit Complaint.

13. "Defendant's Motion to Dismiss" shall mean Defendant FITORY-SHOES' Motion to Dismiss Complaint [20] filed on October 14, 2025.

# Exhibit A

## TESTIMONY CATEGORIES

Plaintiff intends to examine Defendant about the following matters:

1. Documents produced by Defendant in response to any of Plaintiff's discovery requests and additional documents Defendant shall produce in response to Plaintiff's Requests for Production.

2. The identification of Defendant, Financial Accounts, and associated domain names and/or e-commerce stores used by Defendant.

3. The identification of all Accused Products advertised and/or offered for sale by Defendant.

4. Procedure(s) implemented to search for responsive documents and materials, the persons, locations, and objects queried for responsive documents and materials, and Defendant's document retention and/or destruction policy.

5. Defendant's intellectual property rights infringement practices, procedures, and rules adopted, implemented, and employed by Defendant relating to the offering for sale, sale, and investigation of products considered to be offered for sale.

6. The procedure for creating listings on Defendant's E-Commerce Stores, including creation and selection of the photographs displayed in the listings, and determining that these products were approved to be made available for sale.

7. The allegations of Plaintiff's Complaint and Defendant's Motion to Dismiss.

8. Defendant's ownership of intellectual property that is related or similar to Plaintiff's Trade Dress, including the ownership of any design patents.

9. The history of Defendant's sale of the Accused Product, including but not limited to (i) when Defendant first listed the Accused Products for sale on Defendant's E-Commerce Store;

(ii) its decision to begin selling the Accused Products on Defendant's E-Commerce Store, and; (iii) the identity of the manufacturer of the Accused Products.

10. Sales data and information associated with the Accused Products, including sale price, cost deductions, and profits for each Accused Product.

11. Any agreements and/or contracts Defendant has entered into with third parties related to the sale of Accused Products, including, but not limited to, any agreements Defendant has entered into with the manufacturer of the Accused Products.

12. Defendant's business relationship with Amazon.com, Inc., including any agreements and/or contracts Defendant has entered into with Amazon.com, Inc.

13. Defendant's knowledge of Plaintiff's Trade Dress and Plaintiff's business/products prior to the date the Complaint was filed.

14. Defendant's relationship with Skyon International Trade (Hong Kong) Company Limited, including the identification and description of any contracts, agreements, and licenses you entered into with Skyon International Trade (Hong Kong) Company Limited.

15. The organizational and managerial structure of Defendant, including the identification of all individuals who have an ownership stake in Defendant.

# CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January 2026, a copy of the foregoing was served on the following via electronic mail:

Jianyin Liu
FBN: 1007675
The Law Offices of James Liu PLLC
15750 SW 92nd Ave. Unit 20C
Palmetto Bay, FL 33157
jamesliulaw@gmail.com
Ph: (305) 209 6188

*Counsel for Defendant*
*FITORY-SHOES*

/s/ Justin T. Joseph
Justin T. Joseph
Greer, Burns & Crain, Ltd.
*Counsel for Plaintiff*
*Deckers Outdoor Corporation*
