Exhibit 6

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.1.1**
**Eastern Division**

Deckers Outdoor Corporation
                                         Plaintiff,

v.                                                       Case No.: 1:16−cv−03676
                                                         Honorable Manish S. Shah

Australian Leather Pty Ltd, et al.
                                         Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Thursday, March 9, 2017:

      MINUTE entry before the Honorable Manish S. Shah: Motion hearing held. For the reasons stated in open court, plaintiff's motion to compel [57] is granted in part. The court orders defendant Oygur to sit for a deposition in the United States. The parties are directed to meet and confer on a mutually agreeable date, time, and location. If no agreement on location is reached, the deposition location will be Chicago. Status hearing remains set for 4/21/17 at 9:30 a.m. Notices mailed. (psm, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

```
                                                                    1

 1                 UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ILLINOIS
 2                       EASTERN DIVISION

 3    DECKERS OUTDOOR CORPORATION,      )
                                        )
 4               Plaintiff,             )
                                        )
 5       vs.                            )   No. 16 C 3676
                                        )
 6    AUSTRALIAN LEATHER PTY., LTD.     )
      and ADNAN OYGUR,                  )   Chicago, Illinois
 7                                      )   March 9, 2017
                 Defendants.            )   9:56 o'clock a.m.
 8
                     TRANSCRIPT OF PROCEEDINGS
 9                BEFORE THE HONORABLE MANISH S. SHAH

10

11    APPEARANCES:

12    For the Plaintiff:      GREER BURNS & CRAIN, LTD.
                              BY:  MR. JUSTIN R. GAUDIO
13                            300 South Wacker Drive, Suite 2500
                              Chicago, Illinois  60606
14                            (312) 987-2922

15                            SHEPPARD MULIN RICHTER & HAMPTON, LLP
                              BY:  MR. KENT RAYGOR
16                            1901 Avenue of the Stars, Suite 1600
                              Los Angeles, California  90067
17                            (310) 228-3700

18    For the Defendants:     TOLPIN & PARTNERS, P.C.
                              BY:  MR. MARK R. BAGLEY
19                            100 North LaSalle Street, Suite 501
                              Chicago, Illinois  60602
20                            (312) 698-8971

21

22
                   COLLEEN M. CONWAY, CSR, RMR, CRR
23                      Official Court Reporter
                 219 South Dearborn Street, Room 1714
24                    Chicago, Illinois  60604
                            (312) 435-5594
25                 colleen_conway@ilnd.uscourts.gov
```

1 (Proceedings heard in open court:)
2 THE CLERK: 16 C 3676, Deckers Outdoor Corporation
3 versus Australian Leather.
4 MR. BAGLEY: Good morning, Your Honor. Mark Bagley
5 on behalf of the defendants, Australian Leather and Eddie
6 Oygur.
7 MR. GAUDIO: Good morning. Justin Gaudio and joined
8 by Kent Raygor for Deckers Outdoor Corporation.
9 MR. RAYGOR: Good morning, Your Honor.
10 THE COURT: Good morning. So I have the motion. I
11 saw the response as well. I had one question which I --
12 frankly, I just don't know the answer to, and I'll just ask
13 you.
14 Is it clear that voluntary depositions taken of
15 individuals in Australia would be admissible and usable in this
16 litigation?
17 MR. RAYGOR: I --
18 MR. BAGLEY: Well, I was going --
19 MR. RAYGOR: Go ahead.
20 MR. BAGLEY: -- to say, I don't know that it's clear.
21 I have not researched that specifically. The things I've read,
22 I was given every reason to believe at this point that they
23 would be. If counsel has some reason why they think they
24 wouldn't be, then I would be happy to hear about that so we
25 could fix that or get around that.

1    MR. RAYGOR:  Excuse me.  I was counsel in the *UGG*
2 case that was mentioned in the papers for *Severn*, which
3 involved the foreign equivalence doctrine, and whether evidence
4 of usage in Australia was relevant in an American proceeding,
5 in an American court for trademark purposes, and the court
6 there decided it was not relevant and not admissible, first of
7 all, because --
8    THE COURT:  Well, I want to separate --
9    MR. RAYGOR:  Sure.
10   THE COURT:  -- the substance of the evidence from
11 just -- from the deposition testimony itself.  So I am just
12 trying to focus on the procedural mechanism of if they are
13 going to take depositions --
14   MR. RAYGOR:  Oh.
15   THE COURT:  -- of individuals in Australia
16 voluntarily, are those -- is that transcript or that recording
17 going to be admissible in this case, either at summary judgment
18 or at trial if those witnesses are not subject to subpoena
19 power?
20   MR. RAYGOR:  Just by the mere fact of a deposition
21 having been taken in a foreign country on a record, could that
22 be admissible?  Frankly, I don't know.
23   THE COURT:  Okay.  Well, I didn't -- I don't know the
24 answer off the top of my head either.  I thought maybe you
25 would.  That's okay.  I'm not --

1    MR. RAYGOR: I don't know, but I will --

2    MR. BAGLEY: I will certainly look in to that.

3    MR. RAYGOR: I have done a fair number of depositions
4 overseas, but they have always been pursuant to the Hague
5 Convention or pursuant to a stipulation between the parties or
6 a court order that says yes, it could be used here, so --

7    THE COURT: Okay. Well, then my next question is
8 that -- the defense says they plan on taking some of these
9 depositions that they've described, and my question is, are the
10 plaintiffs going to attend them if the defendants take them?

11    MR. RAYGOR: If they get the authority to do it --
12 for example, if there's a subpoena issued or under the Hague
13 Convention, they are going to do those depositions, none of
14 which have been noticed yet or anything like that -- yes, I
15 suppose -- I'm pretty sure the client would want us to appear
16 for it. But we might do it by telephone. Mr. Bagley mentioned
17 when we were in a deposition in Florida about two weeks ago
18 that they might consider doing some of them on written
19 question.

20    THE COURT: Okay. Have you -- speaking of telephone,
21 have you thought about whether you, the plaintiff, would be
22 willing to take the 30(b)(6) depositions that's the subject of
23 this motion via video?

24    MR. RAYGOR: I've thought about it, and it's not a
25 way for the key -- a party in the case that I want to proceed

1    with deposition.  I think I've got to see the person, the
2    facial cues, all that kind of thing.  I think I've got to see
3    the person in person.
4             THE COURT:  Are there --
5             MR. RAYGOR:  Depends on -- I mean, documents,
6    exhibits, all that kind of thing, it just becomes very
7    cumbersome.  When I have done video depositions in the past, I
8    have never been terribly satisfied with the way they work.
9    There's always a lag.  I'm not sure what cues are being said
10   off camera, things like that.
11            THE COURT:  Well, sometimes sacrifices have to be
12   made for efficiency purposes, so I am just trying to get a
13   handle on what's practical, what's not practical, what people
14   are willing to compromise on, what they're not willing to
15   compromise on.
16            Is there any update on the part of the defendants in
17   terms of scheduling these other depositions?
18            MR. BAGLEY:  I do have an update, actually.  There's
19   been a bit of a scramble, as I indicated in the written, in the
20   written papers, to see -- let's finally get some actual dates.
21   And actually overnight, I got the e-mail from my Australian
22   co-counsel that we have specific dates for at least two of them
23   now.  That would be the Bosley and Hayter ones.  We've got a
24   specific -- it's going to be the 6th and 7th of April.  Counsel
25   had previously indicated to me that he has a full-day hearing

1     on the 3rd of April, so we stayed away from that.
2             But yeah, I mean, I don't remember it off the top of
3     my head, but there is a specific location for it.  It's going
4     to be in a -- something called a law society.  It may be the
5     Australian equivalent of a bar association.  But I have a date
6     and a specific location and a time.  And now that I have that
7     information, I expect that the notices will go out later today
8     for those two.
9             THE COURT:  And --
10            MR. RAYGOR:  Clearly, I see -- sorry, Your Honor.
11            THE COURT:  Well, so my next question was in terms of
12    other possibilities, if the plaintiff is not interested in
13    video, are there any alternative locations that would be a
14    compromise, like Hawaii.  If the travel from Sydney to Chicago
15    is too burdensome for the witness, who's also a party to the
16    case, is there a middle ground?  Maybe that's just inefficient
17    for everybody, but I'm --
18            MR. RAYGOR:  That would --
19            THE COURT:  -- throwing that out there.
20            MR. RAYGOR:  That would be fine for me, Your Honor.
21            MR. BAGLEY:  Well, to me, that would seem also
22    inefficient if -- because I'm going under the assumption that
23    I'm going to be flying to Sydney, to Australia for at least
24    these two depositions, so then, you know, maybe we can talk
25    about the -- I'll think about it some more, but it seems like

1  having a different one in a different location and, you know,
2  flying Mr. Oygur to Hawaii, even, is yet an additional
3  unnecessary step.
4      I understand that it's in the nature of a compromise,
5  and I suppose I will think about that some more, but it seems
6  to me unnecessary if at least I and I would -- I was assuming
7  counsel would be in Sydney for these other depositions.
8      MR. RAYGOR: Another alternative -- I'm not sure the
9  schedules for flights. It may be actually easier to get to Los
10 Angeles for Australian witnesses than it is to Hawaii, just
11 because there are many more flights, I'm sure.
12     And we had offered at the time -- I think it's in our
13 papers -- to pay half of his fare, and, you know, we could work
14 together for Mr. Oygur. We offered to work on convenient dates
15 for him. And if it were more convenient for him to be in Los
16 Angeles than Chicago, I'm happy to consider that, too.
17     THE COURT: Okay. Well --
18     MR. RAYGOR: That might answer the question, frankly,
19 of any procedural issues, too, if it's a deposition taking
20 place in Los Angeles.
21     THE COURT: Well, it is certainly the case if the
22 deposition is taken in the United States somewhere, then the
23 international issue of whether -- of the usefulness of the
24 deposition is solved. But for this particular witness, I'm
25 less concerned about that, because my guess is if I authorized

it in Sydney, then the parties would likely agree that this party's deposition would be useful and admissible, although -- and the fact will remain that Mr. Oygur is a party to the case and he will be here in person for trial, so we wouldn't be worried about his deposition, the substantive use of his deposition, although it might come up for summary judgment purposes.

But, in any event, the -- I accept the presumption that the corporate officer should be deposed at the corporation's place of business, which here would be Australia, but I think that presumption gives way in this particular case for a number of practical issues. One is that the parties have Chicago and United States counsel, such that a location of the deposition in the United States would not be burdensome to both sides. We're really talking about the burden on the witness himself. And I don't find that the burden on him to traveling to the United States to be deposed is particularly burdensome, given that he is a party to this litigation, he's involved in this litigation.

I accept the notion that he may not be participating in this litigation entirely voluntarily and that the company's counterclaims might very well be compulsory and not necessarily permissive, and his use of discovery and the company's use of discovery techniques are necessary to their participation in litigation, and it's not quite that they are entirely

1  voluntarily availing themselves of this jurisdiction such that
2  there is no burden on them to sit for deposition here.  That
3  said, this case is brought here -- both sides are participating
4  in it -- in the United States.  Mr. Oygur is somebody who has
5  the capacity to travel.  There is no argument that he's
6  physically unable to travel or doesn't have the means to
7  travel.  And I do think the plaintiff, who is trying to take
8  the deposition of their party opponent, is entitled to pursue
9  the deposition in the way that they want to pursue it.
10         And the idea that there might be other depositions in
11  Australia that are still the subject of negotiation, debate,
12  and might not even occur in the form of a deposition, if some
13  people are thinking about doing it in writing or through other
14  means, such that that efficiency of conducting depositions at
15  the same time that other depositions are being taken in
16  Australia is not particularly weighty to me because it's still
17  too uncertain.  In the meantime, it is absolutely certain that
18  the plaintiff is going to be taking this 30(b)(6) deposition
19  because it's a necessary deposition from the plaintiff's
20  perspective and they're pursuing it.
21         So the motion to compel is granted in part in that I
22  am compelling Mr. Oygur to sit for a deposition in the United
23  States.  I am going to direct the parties to continue to meet
24  and confer on a time and location that makes sense and that
25  works, but if you're not able to reach an agreement, it will be

1  in Chicago. So keep that in mind.
2              MR. RAYGOR:  I cannot imagine not reaching agreement.
3              THE COURT:  So with that, I don't think there's
4  anything else you need from me this morning.
5              Do we have a status?
6              THE CLERK:  Yes.  April 21st at 9:30, everyone.
7              THE COURT:  Is there anything else we should talk
8  about by way of status of the case since you're here?
9              MR. RAYGOR:  I don't think so, Your Honor.
10             MR. BAGLEY:  I don't have anything right now.
11             THE COURT:  And does the April 21st status still make
12 sense in terms of the schedule?
13             MR. RAYGOR:  It does for us.  I believe so.
14             MR. GAUDIO:  Yes.
15             MR. BAGLEY:  I believe so.
16             THE COURT:  Okay.  So I'll see you then.  Thank you.
17             MR. RAYGOR:  Okay.  Thank you.
18             MR. BAGLEY:  Thank you, Your Honor.
19             MR. GAUDIO:  Thank you.
20         (Proceedings concluded.)
21
22
23
24
25

1  C E R T I F I C A T E
2
3
4
5       I, Colleen M. Conway, do hereby certify that the
6  foregoing is a complete, true, and accurate transcript of the
7  proceedings had in the above-entitled case before the
8  HONORABLE MANISH S. SHAH, one of the Judges of said Court, at
9  Chicago, Illinois, on March 9, 2017.
10
11
12      _/s/ Colleen M. Conway, CSR, RMR, CRR_        _03/10/17_
13            Official Court Reporter                  Date
              United States District Court
14            Northern District of Illinois
                  Eastern Division
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Oakley, Inc.
                        Plaintiff,

v.                                      Case No.: 1:23−cv−04966
                                           Honorable Lindsay C. Jenkins

Light In The Box Limited, et al.
                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, February 8, 2024:

       MINUTE entry before the Honorable Lindsay C. Jenkins: Motion hearing held. For the reasons stated in open court, Defendants' motion for leave to conduct depositions remotely [25] is denied. Mailed notice. (jlj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.